**FILED**
**March 4, 2025**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.H.**

**No. 24-269** (Kanawha County CC-20-2023-JA-441)

## MEMORANDUM DECISION

Petitioner Mother T.M.[1] appeals the Circuit Court of Kanawha County's April 11, 2024, order terminating her parental rights to D.H.,[2] arguing that the court erred by denying her motion for a post-adjudicatory improvement period and terminating her parental rights when there were less restrictive dispositional alternatives. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In December 2023, the DHS filed a petition alleging that the petitioner, who previously had her parental rights to two other children terminated, abused and neglected D.H. by allowing the same individual who sexually abused the other children to reside in the home. Furthermore, the petition alleged that the home was in deplorable condition and that substance abuse was suspected.

The circuit court heard testimony from a Child Protective Services ("CPS") investigator at a preliminary hearing held in December 2023. The investigator testified to his discovery that the petitioner and the child were living with the petitioner's brother, a registered sex offender. The brother sexually abused the petitioner's two other children, which resulted in the brother's criminal conviction and the petitioner's parental rights to those children being terminated. The petitioner

---

[1] The petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Sharon K. Childers appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

was specifically ordered not to allow any future children to be near the brother at the conclusion of that case. That case also concerned the unsuitable conditions of the home. Because these conditions persisted, a separate abuse and neglect case, prior to the petition at issue, was initiated regarding the subject child; however, the petitioner completed an improvement period and the two were ultimately reunified. At the hearing, the court took judicial notice of the petitioner's prior abuse and neglect proceedings, as well as the brother's criminal conviction. Based on the foregoing, the court ratified the child's removal and scheduled the matter for adjudication. In the interim, the court ordered that the petitioner participate in a parental fitness evaluation.

The adjudicatory hearing was held in February 2024 and, despite having notice, the petitioner did not appear but was represented by counsel. After hearing no objection, a DHS court summary was made part of the record and indicated that drug screens and social services had been arranged for the petitioner. Attached to the court summary were two of the petitioner's recent drug screens that were positive for methamphetamines and amphetamines. The DHS then moved the court to accept the testimony from the preliminary hearing for purposes of adjudication, and the motion was granted. Accordingly, the court adjudicated the petitioner as an abusing and neglecting parent, noting her "chronic history of abusing and neglecting her children," and found D.H. to be abused and neglected. The petitioner thereafter filed a motion for a post-adjudicatory improvement period.

The circuit court proceeded to disposition in March 2024, at which time the DHS presented evidence, including testimony from a CPS worker. The CPS worker testified that the petitioner had been noncompliant with services offered, was unable to pass drug screens, and had not made any efforts to correct the conditions that led to the filing of the petition. The petitioner did participate in the court-ordered parental fitness evaluation; however, the petitioner's prognosis for improved parenting was "extremely poor" given that she had not accepted responsibility for her actions. Specifically, when asked how the current case began, the petitioner responded that she had "no idea" and did not believe she had done anything abusive or neglectful. She denied using illicit substances, denied that the home's conditions were deplorable, denied that the child had any contact with the brother, and minimized her actions in the prior abuse and neglect cases. The petitioner did not present any evidence. Considering all the foregoing, the court denied the petitioner's motion for an improvement period and terminated her parental rights. The court found that there were no less restrictive dispositional alternatives to termination, there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected within a reasonable timeframe, and termination was in the child's best interests as it would establish permanency. It is from the dispositional order that the petitioner appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). The petitioner first argues that the court erred by denying her motion for a post-adjudicatory improvement period. Pursuant to West Virginia Code § 49-4-610(2)(B), in order to be granted a post-adjudicatory improvement period, the petitioner was required to "demonstrate[], by clear and convincing evidence, that [she was] likely to fully

---

[3] The child's father is deceased, and the permanency plan for the child is adoption in a kinship placement.

participate in the improvement period." Despite this evidentiary burden, the petitioner presented no evidence in support of her motion. Rather, the evidence presented revealed no likelihood of improvement, particularly considering that the petitioner had her parental rights to other children terminated in prior proceedings and the same issues persisted in this case. *See* W. Va. Code § 49-4-604(c)(7)(C) (relieving the DHS of its obligation to make reasonable efforts to preserve the family when a parent's parental rights to another child have been terminated). Although the DHS was not required to make reasonable efforts toward reunification in this case, services were nonetheless offered to the petitioner, including drug screens, social services, and a parental fitness evaluation. However, the petitioner tested positive for illicit substances, was noncompliant with social workers, and denied that she had any issues in need of correcting during the evaluation. As we have repeatedly stated, "[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense." *In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W. Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Therefore, we can see no abuse of discretion in the court's denial of her motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) (explaining that the circuit court has discretion to deny an improvement period when no improvement is likely).

The petitioner further argues that the circuit court erred by terminating her parental rights when there were less restrictive dispositional alternatives. However, the petitioner ignores that circuit courts may terminate parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)(6)] that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, in part, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). Here, the court specifically found that there was no reasonable likelihood that the conditions of abuse or neglect could be substantially corrected within a reasonable timeframe, and we can discern no error in this finding upon on our review of the record. Although the petitioner asserts that the court could have allowed the child to be placed in a legal guardianship as an alternative disposition so that she "could have the opportunity to regain custody should her circumstances change," the court considered the child's need for permanency in its decision to terminate her parental rights and ultimately found termination to be in the child's best interests. *See* W. Va. Code § 49-4-604(c)(6) (allowing circuit courts to terminate parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child").

Accordingly, we find no error in the decision of the circuit court, and its April 11, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: March 4, 2025

3

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV